UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MATT LYON WILLIAMS, | ) | Case No. 05-CV-1955-J (JMA) |
| Plaintiff, | ) ) | **REPORT AND RECOMMENDATION RE GRANTING MOTION TO DISMISS BY DEFENDANT SAN DIEGO COUNTY BOARD OF SUPERVISORS [Doc. No. 14]** |
| v. | ) | |
| SAN DIEGO COUNTY BOARD OF SUPERVISORS, et al., | ) ) | |
| Defendants. | ) ) | |

This matter comes before the Court on a Motion to Dismiss brought by Defendant San Diego County Board of Supervisors ("Defendant Board") pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiff Matt Lyon Williams ("Plaintiff"), proceeding pro se, opposes. The Court decides the matter on the papers submitted and without oral argument pursuant to Civil Local Rule 7.1.d.1. For the following reasons, the Court recommends that Defendant Board's Motion to Dismiss be **GRANTED** with prejudice.

**I.    BACKGROUND**

Plaintiff alleges that he was subject to unconstitutional conditions of confinement while in custody at the San Diego

1  Central Jail pursuant to California's Sexually Violent Predators
2  Act ("SVP Act") for approximately 110 days in 2002, 75 days in
3  2004, and 42 days in 2005.  <u>See</u> Compl. at pg. 5.  Specifically,
4  Plaintiff alleges that as a civil detainee under the SVP Act, he
5  should not have been forced into detention at the Central Jail
6  with criminal detainees.  Rather, Plaintiff contends, sexually
7  violent predators are entitled to separate and distinct housing
8  conditions.  <u>See</u>, <u>e.g.</u>, Compl. at pg. 13.
9       Plaintiff further alleges that he was subjected to the
10 following conditions of confinement:  exposure to bodily fluids
11 and wastes, lack of sanitation, uncovered food that was exposed
12 to bacteria and viruses, being fed by penal detainees which
13 subjected him to an extremely stressful situation, non-
14 confidential telephone calls, a cell with lights on 24 hours per
15 day, a cell with a thin and therapeutically inefficient mattress,
16 limited personal visits, denial of the opportunity to exercise
17 his religion, public strip searches, non-confidential mail,
18 inadequate medical treatment, exposure to physical harm from a
19 penal arrestee while being transported, exposure to pepper spray
20 when criminal detainees got into an altercation, and days in a
21 holding cell without a mattress, blanket, or sheets.  <u>See</u> Compl.
22 at pgs. 15-16.
23      On October 14, 2005, Plaintiff commenced this action
24 alleging violations of his civil rights pursuant to 42 U.S.C. §
25 1983 against Defendant Board and Sheriff Bill Kolender.
26 Defendant Kolender filed an Answer to Plaintiff's Complaint on
27 May 24, 2006.  Defendant Board moves to dismiss Plaintiff's
28 complaint for failure to state a claim upon which relief can be

1 granted.

2 **II.  LEGAL STANDARD**

3     A motion to dismiss for failure to state a claim pursuant to
4 Fed. R. Civ. P. 12(b)(6) tests the legal sufficiency of the
5 claims in the complaint.  A claim can only be dismissed if it
6 "appears beyond doubt that the plaintiff can prove no set of
7 facts in support of his claim which would entitle him to relief."
8 <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957); <u>Hishon v. King &
9 Spalding</u>, 467 U.S. 69, 73 (1984).  The court must accept as true
10 all material allegations in the complaint, as well as reasonable
11 inferences to be drawn from them, and must construe the complaint
12 in the light most favorable to the plaintiff.  <u>N.L. Indus., Inc.
13 v. Kaplan</u>, 792 F.2d 896, 898 (9th Cir. 1986); <u>Parks Sch. of Bus.,
14 Inc. v. Symington</u>, 51 F.3d 1480, 1484 (9th Cir. 1995).

15     The court looks not at whether the plaintiff will
16 "ultimately prevail but whether the claimant is entitled to offer
17 evidence to support the claims."  <u>Scheuer v. Rhodes</u>, 416 U.S.
18 232, 236 (1974).  Unless it appears beyond a doubt that the
19 plaintiff can prove no set of facts in support of his claim, a
20 complaint cannot be dismissed without leave to amend.  <u>Conley</u>,
21 355 U.S. at 45-46; <u>see also</u> <u>Lopez v. Smith</u>, 203 F.3d 1122, 1129-
22 30 (9th Cir. 2000).

23     Where a plaintiff appears pro se, the court must construe
24 the pleadings liberally and afford the plaintiff any benefit of
25 the doubt.  <u>Karim-Panahi v. Los Angeles Police Dept.</u>, 839 F.2d
26 621, 623 (9th Cir. 1988).  The rule of liberal construction is
27 "particularly important in civil rights cases."  <u>Ferdik v.
28 Bonzelet</u>, 963 F.2d 1258, 1261 (9th Cir. 1992); <u>Noll v. Carlson</u>,

1 809 F.2d 1446, 1448 (9th Cir. 1987) ("Presumably unskilled in the
2 law, the *pro se* litigant is far more prone to making errors in
3 pleading than the person who benefits from the representation of
4 counsel."). In giving liberal interpretation to a *pro se* civil
5 rights complaint, however, a court may not "supply essential
6 elements of the claim that were not initially pled." <u>Ivey v. Bd.</u>
7 <u>of Regents of the Univ. of Alaska</u>, 673 F.2d 266, 268 (9th Cir.
8 1982). "Vague and conclusory allegations of official
9 participation in civil rights violations are not sufficient to
10 withstand a motion to dismiss." <u>Id.</u>; <u>see also</u> <u>Jones v. Cmty.</u>
11 <u>Redevelopment Agency</u>, 733 F.2d 646, 649 (9th Cir. 1984). "The
12 plaintiff must allege with at least some degree of particularity
13 overt acts which defendants engaged in that support the
14 plaintiff's claim." <u>Jones</u>, 733 F.2d at 649 (internal quotation
15 omitted).

16 **III. DISCUSSION**

17     Plaintiff alleges that Defendant Board is liable for his
18 injuries because it, in cooperation with Defendant Kolender, "is
19 responsible for establishing, developing, implementing and
20 allocating funds for[] all policies, practices and customs for
21 the San Diego [Central] Jail." Compl. at pg. 3; <u>see</u> <u>also</u> Pl.'s
22 Opp'n at 2-3, 6. Plaintiff further alleges that Defendant Board
23 "is directly responsible for all aspects of [P]laintiff's
24 existence while housed in the Jail, and additionally responsible
25 for establishing punitive conditions of confin[e]ment to which
26 the plaintiff has suffered, and which enabled all other
27 defendants to violate Plaintiff's rights." Compl. at pg. 3. In
28 particular, Plaintiff contends that Defendant Board was

responsible for implementing procedures at the Central Jail in order to ensure compliance with amendments made in 2001 to California Penal Code sections 1610 and 4002, which address the confinement of sexually violent predators. Pl.'s Opp'n at 3.

Plaintiff is wrong. In California, the responsibility for operating county jails is placed by law upon the sheriff. See Cal. Penal Code § 4000. The sheriff is required by statute to take charge of and keep the county jail and the prisoners in it, and is answerable for the prisoners' safekeeping. See Cal. Gov't Code § 26605 ("[T]he sheriff shall take charge of and be the sole and exclusive authority to keep the county jail and the prisoners in it."). A county board of supervisors has no duty and no right to control the operation of the county jail. See Brandt v. Board of Supervisors, 84 Cal. App. 3d 598, 602 (1978). "The only clear and present duty enjoined by law upon a board of supervisors with regard to a county jail is to provide the sheriff with food, clothing and bedding for the prisoners . . . and to pay as a county charge other expenses incurred in the keeping of prisoners . . . ." Id. at 601-02 (citations omitted). "Although the board of supervisors has authority to supervise county officers in order to insure that they faithfully perform their duties . . ., it does not have the power to perform the county officers' statutory duties for them or to direct the manner in which the duties are performed." People v. Langdon, 54 Cal. App. 3d 384, 390 (1976) (citing Cal. Gov't Code § 25303); see also Hicks v. Board of Supervisors, 69 Cal. App. 3d 228, 242 (1977).

Therefore, the Board and its members are not liable to Plaintiff under section 1983 because the Board lacks the

authority to establish an official policy with respect to the operation of the county jail. Plaintiff thus cannot establish that his alleged injuries were inflicted pursuant to an official county policy or custom implemented by the Board. See, e.g., Thompson v. City of Los Angeles, 885 F.2d 1439, 1443 (9th Cir. 1989). Moreover, the Board, as a local governmental body, cannot be held liable for the alleged actions of its employees on a theory of respondeat superior liability. See Monell v. New York City Dept. of Social Services, 436 U.S. 658, 694 (1978); Thompson, 885 F.2d at 1443.

Accordingly, the Court recommends that Defendant Board's motion to dismiss pursuant to Fed. R. Civ. P. 12(b) be **GRANTED** with prejudice.

**IV. CONCLUSION AND RECOMMENDATION**

For the reasons set forth above, this Court recommends that the District Judge issue an Order **GRANTING** the Motion to Dismiss by Defendant San Diego County Board of Supervisors with prejudice.

This report and recommendation will be submitted to the Honorable Napoleon A. Jones, Jr., United States District Judge, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Any party may file written objections with the Court and serve a copy on all parties on or before **December 15, 2006**. The document should be captioned "Objections to Report and Recommendation." Any reply to the Objections shall be served and filed on or before **December 29, 2006**. The parties are advised that failure to file objections within the specified time may waive the right to appeal the district court's order. Martinez v. Ylst, 951 F.2d

1 | 1153 (9th Cir. 1991).

2 | **IT IS SO ORDERED.**

3 | DATED: November 14, 2006

_____
Jan M. Adler
U.S. Magistrate Judge