# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATT LYON WILLIAMS,<br><br>   Plaintiff,<br><br> v.<br><br>SAN DIEGO COUNTY BOARD OF SUPERVISORS, et al.,<br><br>   Defendants. | Civil No. 05cv1955 J (JMA)<br><br>**ORDER:**<br><br>**1) ADOPTING IN PART MAGISTRATE JUDGE ADLER'S REPORT AND RECOMMENDATION; AND**<br><br>**2) DISMISSING PLAINTIFF'S CLAIMS AGAINST DEFENDANT SAN DIEGO COUNTY BOARD OF SUPERVISORS WITHOUT PREJUDICE** |

On October 14, 2005, Plaintiff, a prisoner proceeding in pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983, against the San Diego County Board of Supervisors ("Defendant Board") and Bill Kolender, the Sheriff of San Diego ("Defendant Sheriff"). [Doc. No. 1.] Presently before the Court is Magistrate Judge Adler's Report and Recommendation ("R&R") recommending that this Court grant Defendant Board's Motion to Dismiss for failure to state a claim pursuant to Federal Rules of Civil Procedure 12(b)(6) with prejudice. [Doc. No. 25.] Plaintiff timely filed objections to the R&R, and Defendant Board timely filed a reply brief. [Doc. Nos. 26, 28.] For the reasons set forth below, the Court **DISMISSES without prejudice** the claims against Defendant Board.

### *Background*

Plaintiff's Complaint is commenced under 42 U.S.C. § 1983 and alleges civil rights violations arising out of Plaintiff's confinement in the San Diego County Jail. (*See* Compl. ¶¶ 64-95.) Plaintiff asserts that he was unlawfully imprisoned on three separate occasions, spending a total of approximately 227 days in the county jail. (*See id.* ¶ 15.) Plaintiff maintains that as a civil detainee under the Sexually Violent Predator Act, he should not have been forced into detention at a penal facility such as the county jail. (*See id.* ¶¶ 40, 63, 96.)

Plaintiff further alleges that during his imprisonment and transport he was unreasonably exposed to a number of conditions, including lack of sanitation, exposure to bodily fluids and wastes, exposure to communicable diseases, unsafe food, a cell with lights on at all times, a cell with a therapeutically inefficient mattress, denial of opportunity to exercise religion, forced public strip and pat-down searches, and denial of medical treatment and medication (*Id.* ¶¶ 49-63.)

In its Motion to Dismiss, Defendant Board argues that it is not responsible for the conditions of which the Plaintiff complains, and asserts that Plaintiff's Complaint fails to allege facts or a theory sufficient to constitute a claim upon which relief may be granted. (*See* Mot. to Dismiss at 1, 4.)

### *Legal Standard*

The duties of a district court in connection with a magistrate judge's report and recommendation are set forth in Rule 72(b) of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1). The district court must "make a de novo *determination* of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate [judge]." *See United States v. Raddatz*, 447 U.S. 667, 676 (1980) (emphasis in original); *see also United States v. Remsing*, 874 F.2d 614, 617 (9th Cir. 1989).

A motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency of the claims in the complaint. *See North Star Int'l v. Arizona Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). A claim can only be dismissed under this rule if it "appears beyond doubt that the plaintiff can

prove no set of facts in support of his claim which would entitle him to relief." *See Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1061 (9th Cir. 2004) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). A complaint may be dismissed as a matter of law for two reasons: (1) lack of a cognizable legal theory, or (2) insufficient facts under a cognizable theory. *See Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). In reviewing the motion, the court must assume the truth of all factual allegations and must construe them in the light most favorable to the nonmoving party. *See Gompper v. VISX, Inc.*, 298 F.3d 893, 895 (9th Cir. 2002).

In civil rights cases where the plaintiff appears pro se, the court must construe the pleadings liberally, affording plaintiff the benefit of any doubt. *See Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 623 (9th Cir. 1988). The pro se plaintiff must be given leave to amend deficiencies unless it is clear that they cannot be overcome by amendment. *See Eldridge v. Block*, 832 F.2d 1132, 1135 (9th Cir. 1987); *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987). However, "vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss." *See Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). The plaintiff must identify with "at least some degree of particularity overt acts which defendants engaged in that supports the plaintiff's claim." *See Jones v. Cmty. Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1982) (internal quotation omitted).

## *Discussion*

Plaintiff alleges that Defendant Board is responsible for establishing, developing, implementing, and allocating funds for all policies, practices, and customs for the San Diego County Jail. (*See* Compl. ¶ 9.) Plaintiff contends that it is these policies, practices, and customs (or lack thereof) that caused Plaintiff to be subjected to a number of unauthorized and unreasonable interferences and violations of Plaintiff's constitutional rights. (*See id.* ¶¶ 65-95.) Plaintiff further alleges that while Plaintiff was housed in the jail, Defendant Board was directly responsible for all aspects of Plaintiff's existence, including the allegedly punitive conditions of confinement, which enabled "all other defendants" to violate Plaintiff's rights. (*See id.* ¶ 10.)

Specifically, Plaintiff asserts that Defendant Board failed in its duty to enact a policy or

procedure that reflected the amended California Penal Code §§ 1610 and 4002 regarding Plaintiff's confinement.  (*See* Pl.'s Opp'n to Mot. to Dismiss at 3.)  The issue at hand is whether Defendant Board holds responsibility for the policy regarding the operation of the San Diego Central Jail.  As discussed below, the Court **FINDS** that Defendant Board does not implement this policy.

A local government body is not subject to liability under § 1983 simply because its employees or agents violated a plaintiff's constitutional rights. *See Monell v. Dept. of Soc. Services*, 436 U.S. 658, 694 (1978).  Rather, the basis of such a claim must be a showing that the governmental body's policy or custom was the "moving force" behind the constitutional injury. *See City of Oklahoma City v. Tuttle*, 471 U.S. 808, 820 (1985).  The U.S. Court of Appeals for the Ninth Circuit has incorporated a four-pronged test, requiring the plaintiff to prove (1) he was deprived of a constitutional right, (2) the governing body adopted a policy, (3) the policy amounts to a deliberate indifference to plaintiff's constitutional rights, and (4) the policy was the moving force behind the violation. *See Van Ort v. Estate of Stanewich*, 92 F.3d 831, 835 (9th Cir. 1996); *Oviatt v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1992).

Official county policy may only be set by officials with final policymaking authority. *See Thompson v. City of Los Angeles*, 885 F.2d 1439, 1443 (9th Cir. 1989) (citing *Pembaur v. City of Cincinnati*, 475 U.S. 469, 481-83 (1986)).  Whether officials possess such authority for the local government in a particular area is a question of state law. *See id.* (citing *City of St. Louis v. Praprotnik*, 485 U.S. 112, 126 (1988)); *see also Streit v. County of Los Angeles*, 236 F.3d 552, 560 (9th Cir. 2001).  Therefore, state law will dictate to what degree a county board of supervisors has control over and can be held responsible for the policies regarding operation of a county jail. *See Cortez v. County of Los Angeles*, 294 F.3d 1186, 1189 (9th Cir. 2002).

**I.     Whether Defendant Board has Final Policymaking Authority with Regard to Operation of the Jail**

Because a county board of supervisors is a creature of state statutes and the state Constitution, its authority to act must stem from those sources, either explicitly or by necessary implication. *See People v. Langdon*, 54 Cal. App. 3d. 384, 388-89 (1976).  There is no positive

law explicitly directing a board of supervisors to create or implement policy concerning the operation of county jails. Plaintiff references Cal. Gov't Code § 25303, which states that the board of supervisors shall supervise the official conduct of all county officers and see that they faithfully perform their duties. (*See* Pl.'s Opp'n to Mot. to Dismiss at 5.) However, despite its supervisory role of county actors (including the sheriff when acting in an administrative capacity), the board of supervisors does not have the power to perform county officers' statutory duties for them or direct the manner in which they are carried out.[1]  *See Langdon*, 54 Cal. App. 3d at 390 (1976); *Hicks v. Orange County Bd. of Supervisors*, 69 Cal. App. 3d 228, 242 (1977); *Connolly v. County of Orange*, 1 Cal. 4th 1105, 1113 n.9 (1992).

The California Court of Appeal held that the only clear duty imposed by law upon a board of supervisors regarding a county jail is to provide the sheriff with food, clothing, and bedding for prisoners and to pay for other expenses incurred in the keeping of prisoners. *See Brandt v. Bd. of Supervisors of Madera County*, 84 Cal. App. 3d 598, 601-02 (1978) (citing Cal. Penal Code § 4015 and Cal. Gov't Code § 29602). Additionally, it found that except in rare instances,[2] the board of supervisors has no direct authority over the jail. *See id.* The court held that a county board of supervisors could not be held responsible for conditions in the county jail, absent a showing that the board failed to appropriate sufficient funds. *See id.* at 600. The natural corollary is that a board of supervisors could be liable if it had a policy of failing to sufficiently fund the sheriff's department.

---

[1] Courts have found that pursuant to Cal. Gov't Code § 25303, a board of supervisors holds responsibility for ensuring the sheriff's faithful performance of his duties, and maintains supervisory authority over the sheriff regarding his operation of the jail. *See Cortez*, 294 F.3d at 1191; *Von Colln v. County of Ventura*, 189 F.R.D. 583, 601 (C.D. Cal. 1999). However, these findings were in the context of demonstrating that the sheriff was a county, rather than a state actor, and do not suggest that a board possesses final policymaking authority regarding the operation of county jails. *See Cortez*, 294 F.3d at 1191; *Von Colln v. County of Ventura*, 189 F.R.D. 583, 601 (C.D. Cal. 1999).

[2] These instances involve the board's discretionary power, which includes the authority to acquire property in another county necessary for the use of the county for a jail, and establish a county department of corrections to take over the operation of the jail in place of the sheriff. *See Brandt*, 84 Cal. App. 3d at 602 n.3 (citing Cal. Gov't Code §§ 25380 and 23013). Additionally, the board of supervisors has the discretionary power to construct or repair public buildings, including jails in or outside its home county. *See Bd. of Supervisors v. Superior Ct. (Armstrong)*, 33 Cal. App. 4th 1724, 1739 (1995) (citing Cal. Gov't Code §§ 23351(a) and 25382).

In the instant action, Plaintiff does not specifically allege that Defendant Board's lack of adequate funding of the sheriff's department amounts to a custom or policy within the scope of *Monell*. *See Mayes v. Elrod*, 470 F. Supp. 1188, 1191, 1193-94 (holding that a pattern of underfunding a jail may arise to a "custom" under *Monell*). Nor does he specifically allege that such policy was the moving force behind the alleged violations. *See Monell*, 436 U.S. at 694; *Van Ort*, 92 F.3d at 835. However, Plaintiff does allege that Defendant Board is responsible for implementing and allocating funds for all policies, practices, and customs for the San Diego County Jail, and asserts that Defendant Board acted with deliberate indifference to Plaintiff's rights. (*See* Compl. ¶ 9.) Therefore, it is not clear that the lack of an explicit allegation stemming from Defendant Board's inadequate funding of the sheriff's department cannot be overcome by amendment. *See Eldridge*, 832 F.2d at 1135 (9th Cir. 1987). Accordingly, this Court **GRANTS** Plaintiff leave to amend his complaint.

**II.     Whether Defendant Board is Responsible for the Sheriff's Policy**

In California, the sheriff holds the responsibility of keeping the county jail located in his county. *See* Cal. Penal Code § 4000. Specifically, the sheriff is directed to "take charge of and be the *sole and exclusive authority* to keep the county jail and the prisoners in it." *See* Cal. Gov't Code § 26605 (emphasis added). Courts have construed these and other California statutes as granting a sheriff final policymaking authority when functioning as administrator of the jail, and with regard to establishing and implementing policies and procedures for the safekeeping of inmates. *See Streit*, 236 F.3d at 564-65; *Cortez*, 294 F.3d at 1187, 1190.

Plaintiff cites several cases supporting the proposition that in certain instances, a sheriff is a county actor and must answer to the county for his conduct. (*See* Pl.'s Objections to R&R at 4-7 (citing *Streit*, 236 F.3d at 562 (9th Cir. 2001)) (holding that a sheriff acts on behalf of the county when serving in his administrative capacity); *Cortez* 294 F.3d at 1189-92 (finding that the county is subject to § 1983 liability for the sheriff's actions taken pursuant to the sheriff's role as administrator).) However, the county is not a party to this case. Rather, the defendant with regard to this motion is the San Diego County Board of Supervisors, a body of elected county officials. *See* Cal. Gov't Code § 25000; 77 Op. Cal. Atty. Gen. 82 (1994) (stating that

only some county powers are exercised by the board of supervisors). Although a county must indemnify the sheriff for a monetary judgment against it in a §1983 action, no authority suggests that a county *board of supervisors* is responsible for constitutional violations pursuant to execution of the sheriff's policy. Therefore, the aforementioned cases regarding county defendants are inapposite, and this Court **FINDS** that Defendant Board cannot be liable for the sheriff's policy or lack of policy regarding operation of county jails.

*Conclusion*

There is no substantial evidence to suggest that Defendant Board possesses the duty, or even the authority, to establish official policy with regard to the county jail's operation. Instead, the law places that authority exclusively with the sheriff. As a result, Plaintiff cannot establish that his injuries were inflicted pursuant to Defendant Board's official policy or custom regarding operation of the jail. There is also no evidence that Defendant Board is liable for constitutional violations occurring pursuant to the sheriff's policy. However, because it is possible to discern a claim within *Monell* liability, stemming from Defendant Board's responsibility to fund the sheriff's department, this Court **GRANTS** Plaintiff leave to file an amended complaint.

Accordingly, this Court **ADOPTS in part** Magistrate Judge Adler's R&R, **DISMISSES without prejudice** the claims against Defendant Board, and **ALLOWS** Plaintiff leave to file an amended complaint. Petitioner must file a First Amended Complaint *no later than thirty days* after this Order is stamped "filed."

**IT IS SO ORDERED.**

DATED: March 16, 2007

HON. NAPOLEON A. JONES, JR.
United States District Judge

cc: Magistrate Judge Bencivengo
    All Counsel of Record

7